**UNITED STATES v. WILSON et al.**
Civ. A. No. 7626.

United States District Court,
W. D. Pennsylvania.

Dec. 31, 1953.

Edward C. Boyle, U. S. Atty., Pittsburgh, Pa., Frederic G. Rita and James P. Garland, Sp. Assts. to the Atty. Gen., for plaintiff.

David B. Buerger and George M. Heinitsh, Jr., of Smith, Buchanan, Ingersoll, Rodewald & Eckert, Pittsburgh, Pa., for defendants.

MARSH, District Judge.

The defendants, Asbury G. Wilson and Mary F. Wilson, filed with the Collector of Internal Revenue at Pittsburgh, Pennsylvania, a joint federal income tax return for the calendar year 1943. They included therein the amount of $55,701.-84 as Asbury G. Wilson's distributive share in the profits of Hanlon & Wilson Company, a partnership, for its fiscal year ending July 31, 1943, and paid tax in the amount of $32,921.06 as shown by said return. The defendants also filed with the Collector a joint federal income tax return for the calendar year 1944. They included therein as income the amount of $50,693.65 as Asbury G. Wilson's distributive share in the profits of Hanlon & Wilson Company for its fiscal year ending July 31, 1944, and paid tax in the amount of $19,500. On February

4, 1947, the Treasury Department refunded to the defendants $21,026 of their 1943 income tax and $19,393.74 of their 1944 income tax. This was done by the Treasury Department *sua sponte* and was based on the determination that Asbury G. Wilson was not a member of the said partnership after December 17, 1942, within the meaning of the Internal Revenue Laws of the United States.

On February 1, 1949, the plaintiff herein instituted this action pursuant to Section 3746 of Title 26 U.S.C.A. and sought to recover the said refunds on the ground that they were erroneously made.

This court held a hearing and, based upon the evidence presented, we enter the following

## Findings of Fact

1. From August 1, 1942, and during the period involved in this action, Hanlon & Wilson Company was a partnership which had been formed upon the dissolution of a predecessor corporation of the same name.

2. Pursuant to a written partnership agreement, Asbury G. Wilson and his two sons, Theodore F. Wilson and John Richard Wilson, were partners and were to share equally in the profits and losses of the partnership.

3. Upon formation of the partnership on August 1, 1942, the three partners made equal contributions of capital to the partnership.

4. On January 30, 1943, an amended partnership agreement was executed wherein it was agreed that Asbury G. Wilson should withdraw his share of the partnership capital.

5. The partnership agreement entered into by Asbury G. Wilson and his two sons on January 30, 1943, indicated an intention on the part of the two sons to permit their aged father to share equally in the profits without risking capital in the partnership and without being required to perform real and substantial services.

6. On February 20, 1943, Asbury G. Wilson withdrew his entire share of the partnership capital and thereafter had no capital invested in the partnership.

7. During the years 1943 and 1944 Asbury G. Wilson, almost eighty years of age, was in poor health.

8. Although Asbury G. Wilson appeared at the partnership offices, the services which he performed during this period were slight in nature and had no substantial value.

9. It was the intention of the parties that Asbury G. Wilson should cease to be associated as a partner with his two sons in the conduct of the business.

## Discussion

This suit involves a complicated and rather anomalous factual situation. It appears that after the refund had been made to Asbury G. Wilson, the Commissioner of Internal Revenue assessed a deficiency tax against Theodore F. Wilson and John Richard Wilson. John Richard Wilson paid the ⅓ share which was assessed against him. Theodore F. Wilson, however, appealed to the Tax Court and that Court found that Asbury G. Wilson was a valid partner for income tax purposes and the assessment against Theodore F. Wilson was expunged; 1949, 13 T.C. 409. The only portion of the Tax Court record which is a part of the evidence in the case *sub judice* is a deposition of Asbury G. Wilson. That case is not res judicata as to this case and the evidence in this case will not sustain a similar finding by this court.[1] We, therefore, are confronted with the anomaly of having the Tax Court declare that the association in question was a partnership and having this court declare that it was not. Our analysis of the evidence leads to the conclusion that plaintiff has not sustained the burden of proving that there

---

[1] Theodore F. Wilson, who took his case to the Tax Court, did not testify in the instant case.

was a partnership. The clear weight of the evidence is to the contrary.[2]

■ The case of Commissioner of Internal Revenue v. Culbertson, 1949, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659 requires a consideration of all the facts which throw light on the true intent of the parties involved, see page 742 of 337 U.S., page 1214 of 69 S.Ct. Upon consideration of all the evidence before us, it is our conclusion that by the agreement of January 30, 1943, the two sons of Asbury G. Wilson, motivated by filial love and a sense of appreciation and responsibility for their aged father, intended to disassociate themselves as partners from him, but nevertheless to permit him to share in the profits and continue to come to the office and retain a degree of interest in the affairs of the company. In view of this determination it follows that after February 20, 1943, when Asbury G. Wilson withdrew his capital pursuant to the agreement, he ceased to be a partner within the meaning of the Internal Revenue Law and, therefore the refund of taxes paid on account of income earned by the partnership after that date was not erroneously made.

We, therefore, enter the following

### Conclusions of Law

1. On February 20, 1943, the association of Asbury G. Wilson with his two sons ceased being a partnership within the meaning of the Internal Revenue Law.

2. The refund to the defendants of taxes paid for the year 1944 was not erroneous.

■ 3. Judgment should be entered for the plaintiff for the difference beteen the amount of tax defendants would have been required to pay had Asbury G. Wilson been allowed as a partner until February 20, 1943, and the amount of tax actually paid by the defendants for the calendar year 1943 after refund was made.

---

2. It is apposite to note that plaintiff admitted that Asbury G. Wilson did not have capital invested in the partnership and that his services were insubstantial and of slight value. See Defendant's Requests for Admissions 7 and 8, and Plaintiff's Response No. 1 and T. 28.